THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Kerry M. Griggs, SBN 016519
kgriggs@cavanaghlaw.com
Levi T. Claridge, SBN 032582
lclaridge@cavanaghlaw.com
*Attorneys for Defendant Century National Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Pickett, a married man,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Century-National Insurance Company, a licensed insurance company,<br><br>　　　　　　Defendant. | Case No.: 2:19-CV-05108-JTT<br><br>**MOTION TO DISMISS** |

Defendant Century-National Insurance Company ("CNIC"), by and through counsel undersigned, hereby moves to dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, under Rule 12(b)(6).[1] Plaintiff has violated a jurisdictional condition of his insurance policy with CNIC by bringing his lawsuit more than three-and-a-half years after the loss. Additionally, Plaintiff alleges claims that are not even cognizable causes of action under Arizona law. This Motion is supported by the

---

[1] In compliance with Local Rule 12.1(c), the parties' counsel met and conferred prior to CNIC's filing of this Motion to Dismiss, and accordingly, CNIC has filed a Certificate of Compliance with Local Rule 12.1(c) Re: Good Faith Consultation, contemporaneously herewith. Plaintiff's counsel agreed to dismiss Count II Breach of Fiduciary Duty, Count V Unfair Settlement Practices, and Count VI Negligence. The remaining claims are addressed herein.

9080550_1

following Memorandum of Points and Authorities, the accompanying exhibits, and the entire record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

Plaintiff claims that on October 18, 2015, a hailstorm damaged the roof of his residence at 4007 W. Rue de Lamour Avenue, Phoenix, Arizona 85029 (the "Residence"). *See* Compl. at ¶¶ 8, 16-17, attached as Exhibit A. He claims to have been unaware of any alleged damage until early January of 2016. *Id*. at ¶ 18. He thereafter submitted a claim to CNIC on January 20, 2016. *Id*. at ¶ 19.

On or around January 26, 2016, CNIC performed an inspection of the Residence and determined that it would need additional time to perform an expanded investigation. *Id*. at ¶ 22. CNIC's early investigation revealed that the Residence was in the path of an earlier hailstorm that took place around October 5, 2010. *Id*. at ¶ 23. Accordingly on January 26, 2016, pursuant to the terms of the insurance policy (the "Policy"), CNIC requested from Plaintiff copies of documents relating to his purchase of the Residence in 2011, including sales documents, the home inspection, and information about previous insurers. *Id*. at ¶ 25. Plaintiff did not provide these documents as requested.

Pursuant to the terms of Plaintiff's Policy, CNIC also requested that Plaintiff submit to an examination under oath ("EUO") to further explore the circumstances surrounding the claim. *Id*. at ¶¶ 29-30. The EUO took place on September 8, 2016. *Id*. at ¶ 30. Following the EUO, CNIC again requested that Plaintiff provide documents relating to his purchase of the Residence. *Id*. at ¶ 32. However, again, Plaintiff did not provide the requested documentation.

On March 17, 2017, CNIC, through its attorney, sent Plaintiff a position statement with respect to the claim. *Id*. at ¶¶ 36-37; *see also* March 17, 2017 Letter, attached as Exhibit B. CNIC informed Plaintiff that, as an accommodation, it was giving him an additional thirty days to provide the requested documentation, which by that point CNIC

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

had been requesting for over a year. Exhibit A at ¶¶ 36-37; Exhibit B. CNIC informed Plaintiff that if he failed to provide the requested documentation, then it would have no choice but to deny the claim. *Id*. Plaintiff did not provide the documentation. Therefore, CNIC denied Plaintiff's claim on May 17, 2017. Exhibit A at ¶ 39; *see* May 17, 2017 Denial Letter, attached as Exhibit C.

Nearly two years later, on May 13, 2019, Plaintiff filed his Complaint, alleging breach of contract, breach of the duty of good faith and fair dealing, bad faith, breach of fiduciary duty, negligence, and unfair settlement practices. *See* Exhibit A *generally*.

Plaintiff's Policy contains the following relevant provisions, among others:[2]

### SECTION I – CONDITIONS

\* \* \*

**2.** **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

    **a.** Give prompt notice to us or our agent;

\* \* \*

    **d.** Protect the property from further damage …

\* \* \*

    **f.** As often as we reasonably require:

        **(1)** Show the damaged property;

        **(2)** Provide us with records and documents we request and permit us to make copies; and

        **(3)** Submit to examination under oath, while not in the presence of any other "insured," and sign the same;

---

[2] For purposes of Rule 12(b)(6) review, the Court may consider the insurance policy as central to the Complaint without converting this Motion into one for summary judgment. *See Elm Retirement Ctr. v. Callaway*, 226 Ariz. 287, 289, 246 P.3d 938, 940 (Ct. App. 2010).

\* \* \*

> **8.    Suit Against Us.**  No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

\* \* \*

*See* Policy, attached as Exhibit D.[3]

These provisions were included in the EUO Notice letter, CNIC's March 17, 2017 position statement letter, and in the May 17, 2017 denial letter, which were all sent to Plaintiff and his counsel. Thus, Plaintiff knew that he had explicitly agreed to a one year statute of limitations from the date of loss, which expired on October 15, 2016. Because Plaintiff filed this action on May 13, 2019, nearly three-and-a-half years after the date of loss, his Complaint is time barred and should be summarily dismissed. Furthermore, Plaintiff alleges claims that are not even cognizable causes of action, further warranting dismissal. Each issue will be addressed in turn below.

## II.    LEGAL ANALYSIS

### A.  Motion to Dismiss Standard

When adjudicating a motion to dismiss, Arizona courts assume the truth of well-pled factual allegations and indulge reasonable inferences. *Cullen v. Auto-Owners Ins. Co*., 218 Ariz. 417, 419, 189 P.3d 344, 346 (2008).  The Court, however, will not "speculate about hypothetical facts that might entitle the plaintiff to relief." *Id*. at 420, 189 P.3d at 347. "[M]ere conclusory statements are insufficient to state a claim upon which relief can be granted." *Id. see also Jeter v. Mayo Clinic Ariz.,* 211 Ariz. 386, 389, 121 P.3d 1256, 1259 (App.2005) ("[W]e do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts; only well-pleaded facts are accepted as true, not inferences not necessarily implied by such facts or legal conclusions in the form of factual

allegations." (citations omitted)).

A complaint may be properly dismissed for failure to state a claim if it lacks a cognizable legal theory or contains insufficient facts to support a claim under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). Although a pleading does not require "detailed factual allegations," it does require that the pleader allege facts that, if true, establish the essential elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may not assume that the plaintiff can prove facts different from those alleged in the claim itself. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Finally, the affirmative defense of statute of limitations is properly raised in a motion to dismiss where it appears from the face of the complaint that the claim is barred. *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App. 1987); *see also Dicenso v. Bryant Air Conditioning Co.*, 131 Ariz. 605, 606, 643 P.2d 701, 703 (1982).

### B. **Plaintiff's Entire Complaint is Subject to Dismissal Because it was Brought Two-And-One-Half Years After the Statute of Limitations Expired.**

A.R.S. § 20-1115 permits property insurers to include policy provisions limiting when an action may be brought:

> No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement . . . [l]imiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances *other than property* and marine and transportation insurance. In property and marine and transportation policies *such time shall be one year from the date of occurrence of the event resulting in the loss* except that an insurer may extend such limitation beyond one year in its policy provisions.

(emphasis added). Arizona courts have held that such contractual limitations clauses are enforceable. *See Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 142, 650 P.2d 441,

---

[3] Will supplement.

444 (1982) (finding that A.R.S. § 20-1115 gives inherent validity to one-year limitations periods in insurance policies); *Edson v. Liberty Mut. Holding Co. Inc.*, 11-CV-556-TUC-RCC, 2011 WL 13233432, at *2 (D. Ariz. Dec. 12, 2011) (dismissing plaintiff's complaint for breach of contract and bad faith brought two years after date of loss based on identical "Suit Against Us" provision because "it appears that Plaintiff's claim is time-barred"); *see e.g., Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 582–83, 892 P.2d 1365, 1371–72 (App. 1994) (applying the suit limitation clause against an insurer and holding that the insurer waives the appraisal clause of the policy if appraisal is not requested within one year).

Here, the Policy states that Plaintiff cannot bring a suit against CNIC unless he files his claim within one year of the date of loss. *See* Exhibit D. The alleged hail loss occurred on October 15, 2015, so the limitations period expired one year later on October 15, 2016. Plaintiff, however, did not file this lawsuit until May 13, 2019, three-and-a-half years after the date of loss, and two-and-a-half years after the limitations period had already expired. Because he failed to comply with the "Suit Against Us" clause, Plaintiff has barred himself from filing this lawsuit. Accordingly, this Court has no jurisdiction to hear this case and it should be dismissed in its entirety.

### C. **Counts III – Breach of the Implied Duty of Good Faith and Fair Dealing Should Be Dismissed Because it is Not a Valid Cause of Action Under Arizona Law.**

Plaintiff alleges both claims for breach of the implied duty of good faith and fair dealing as well as for bad faith. The breach of the duty of good faith and fair dealing is an essential element of the tort of bad faith, not an independent cause of action. *Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981); *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 237, 995 P.2d 276, 279 (2000). Accordingly, Plaintiff's claim for breach of the duty of good faith and fair dealing should be dismissed

as a matter of law and Plaintiff should be limited to his claim for bad faith.

## III. CONCLUSION

Based upon the foregoing, namely that Plaintiff brought this action three-and-a-half years after the date of loss in direct violation of the subject Policy, Plaintiff's Complaint is time barred and the Court lacks subject matter jurisdiction to hear it. Accordingly, the Court should grant the Motion to Dismiss with prejudice.

RESPECTFULLY SUBMITTED this 13th day of September, 2019.

                THE CAVANAGH LAW FIRM, P.A.

                By: /s/ *Levi T. Claridge*
                    Kerry M. Griggs
                    Levi T. Claridge
                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and electronic copy to the following:

Robert T. Mills
Sean A. Woods
Jordan C. Wolff
Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*


*/s/ Darlene Dahl*