THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Kerry M. Griggs, SBN 016519
kgriggs@cavanaghlaw.com
Levi T. Claridge, SBN 032582
lclaridge@cavanaghlaw.com
*Attorneys for Defendant Century National Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Pickett, a married man,<br><br>          Plaintiff,<br><br>v.<br><br>Century-National Insurance Company,<br><br>          Defendant. | No.: 2:19-cv-05108-MTL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**(Oral Argument Requested)**<br><br>(Assigned to the Hon. John J. Tuchi) |

Plaintiff has not established that the subject Policy's "Suit Against Us" provision, which provides a one-year limitation period following the date of loss, is not applicable or enforceable in this case. This matter is time barred because Plaintiff brought it more than three-and-a-half years after the date of loss. Accordingly, this case must be dismissed with prejudice, as further explained below.

I. **ARGUMENT**

   **A. CNIC is not estopped from enforcing the "Suit Against Us" clause because CNIC did not induce Plaintiff into delaying his lawsuit.**

9094790_1

In his Response, Plaintiff alleges without any factual or legal bases that CNIC somehow waived or is otherwise estopped from asserting its contractual rights under the Policy.[1] *See* Response at 5-8. Generally, Arizona courts will not permit an insured to bring a lawsuit in violation of a policy's limitations period unless the insurer is bound by waiver or estoppel. *See Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 142, 650 P.2d 441, 444 (1982). This equitable exception only applies when the insurer's conduct during investigation and/or negotiations "induces its insured, by leading him to reasonably believe a settlement or adjustment of his claim will be effected without the necessity of bringing suit, to delay commencement of the action on the policy until after the limitation period has run." *Id.* An insurer does not waive its rights under the Policy when it investigates and/or negotiates, and then takes a final position on adjustment and indicates no willingness to go beyond that position. *See id.* (holding that an insurer was not estopped from raising a one year limitations period when it made a final offer for settlement, but continued to correspond with insured's counsel regarding the claim, because "it did not lead [insured's] counsel to reasonably believe that settlement for any amount above that figure could be effected without the necessity of brining suit"). Once the insurer asserts a final position after investigation and/or negotiation, the insured only has a "reasonable time to sue after the promises or representations have ceased to justify delay." *Brewer v. Food Giant Supermarkets, Inc.*, 121 Ariz. 216, 217, 589 P.2d 459, 460 (App. 1979) (holding that a personal injury plaintiff was time barred under the limitation period because even though the defendant's insurance adjuster reassured her that she

---

[1] Plaintiff also seems to argue that because the subject Policy is a contract of "adhesion," it is somehow unenforceable. *See* Response at 5. However, even assuming as true that this is a contract of adhesion, this argument fails because Arizona courts uniformly hold that "[c]ontracts of adhesion are not *per se* unenforceable." *Longnecker v. Am. Exp. Co.*, 23 F. Supp. 3d 1099, 1109 (D. Ariz. 2014) (citing *Broemmer v. Abortion Services of Phoenix, Ltd.*, 173 Ariz. 148, 151, 840 P.2d 1013, 1016 (1992)). Thus, without more, the "Suit Against Us" provision remains valid and enforceable.

would be compensated without the need for litigation, she unreasonably waited sixteen months after the insurer's last communication before filing suit).

Here, Plaintiff argues that it would be "patently" unfair to allow CNIC to invoke the "Suit Against Us" provision because CNIC's investigation exceeded the one year long limitations period following the loss. However, this assertion ignores the basic facts that the investigation period was protracted in large part due to Plaintiff's failure to cooperate and provide the requested documentation—which ultimately led to CNIC's denial of the claim. *See* Exhibit C to CNIC's Motion. During the course of that investigation, CNIC did not engage in negotiations with Plaintiff, nor did it even indicate a payment was forthcoming while it investigated the claim. Rather, CNIC informed Plaintiff of potential coverage issues that warranted the investigation. *See* Exhibit 6 to Plaintiff's Response at 5-6, 9; *see also* Exhibit 9 to Plaintiff's Response. CNIC also advised Plaintiff on numerous occasions that if he failed to cooperate, it could result in CNIC's prejudice and ultimate denial of his claim. *See* Exhibits 6 and 9 to Plaintiff's Response.

Thus, the holding outlined in *Zuckerman* that an insurer can be estopped from raising a period of limitations defense if it "induces its insured, by leading him to reasonably believe a settlement or adjustment of his claim will be effected without the necessity of bringing suit"—upon which Plaintiff relies in his Response—is inapplicable here. CNIC never once induced Plaintiff into believing that a settlement or adjustment was forthcoming while it investigated his claim. Accordingly, after CNIC denied his claim in May 2017, even though it was passed the one year limitation period, Plaintiff was only legally allotted a "reasonable time to sue" CNIC for breach of the Policy. *Brewer*, 121 Ariz. 216, at 589 P.2d at 460. Instead, Plaintiff waited nearly two years to bring this lawsuit, which is certainly not reasonable or timely.

Even assuming *arguendo* that Plaintiff is correct that CNIC should be estopped from invoking the one-year limitation period, he has not presented any legal authority that

9094790_1                                    3

such an estoppel is indefinite or that CNIC forever waived the "Suit Against Us" provision. Indeed, such a standard would run contrary to the public policy allowing insurers to insert limitations provisions into their policies, namely that insurers should contractually be able to protect themselves from the prejudice of having to defend fraudulent or stale claims. *See Zuckerman*, 133 Ariz. at 143, 650 P.2d at 445; A.R.S. § 20-1115. Contrary to Plaintiff's assertion, it would actually be "patently" unfair to permanently estop CNIC from invoking the "Suit Against Us" provision, because it has been nearly four years since the alleged date of loss and CNIC is clearly prejudiced, as explained below. If the Court was to find that CNIC should be estopped from relying on the one-year limitation period, that estoppel should only extend during the period of its investigation. This means that contractual limitation began to run on May 17, 2019, when CNIC issued its denial. *See* Exhibit C to CNIC's Motion. Even under these circumstances, Plaintiff filed this lawsuit nearly than two years after his claim was denied, making it untimely under the "Suit Against Us" provision.

In short, Plaintiff has not established that CNIC should be estopped from invoking the "Suit Against Us" provision in the Policy. Accordingly, because Plaintiff brought this lawsuit three-and-a-half years after the date of loss, it is time barred and the Court lacks jurisdiction to hear it.

**B. CNIC is entitled to enforce the "Suit Against Us" clause because it is prejudiced by Plaintiff's excessive and unreasonable delay.**

The only other way that an insured can escape a contractual limitation period is to show that the requirement works a "technical forfeiture" because the insurer was not prejudiced by the delay. *See Zuckerman*, 133 Ariz. at 143, 650 P.2d at 446. The courts determine whether there is prejudice based on the purpose of an insurance limitations period to prevent fraudulent claims and "promote justice by preventing surprises through

the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Id.*

Here, there can be no doubt that Plaintiff's three-and-a-half year delay has prejudiced CNIC. Plaintiff's claim stems from alleged property damage that was the result of a hailstorm that occurred in October 2015. However, the subject property has remained exposed to the elements, including other various storms. Moreover, there was another hailstorm that occurred in October 2010 before Plaintiff owned the residence, whose path went over Plaintiff's residence. This delay would make it difficult, if not impossible, to determine when and how the alleged damage occurred. Additionally, any relevant documents and records could be lost. Thus, CNIC is clearly prejudiced by Plaintiff's delay of bringing this lawsuit. *See Boesel v. State Farm Fire & Cas. Ins. Co.*, 565 Fed. Appx. 611, 612–13 (9th Cir. 2014) (finding that insured's failure to provide insurer with requested documents and contact information of relevant witness constituted substantial prejudice and relieved the insurer of liability); *see also Warrilow v. Superior Court,* 142 Ariz. 250, 689 P.2d 193, 196–98 (App. 1984) (holding that insured violated a cooperation clause and thereby prejudiced insurer by failing to provide insurer with information that would aid the insurer in ascertaining its liability). Plaintiff, therefore, has not shown that the "Suit Against Us" provision operates as a technical forfeiture in this case, meaning he must be bound by the one-year limitations period.

## II. CONCLUSION

Based upon the foregoing, namely that Plaintiff brought this action three-and-a-half years after the date of loss in direct violation of the subject Policy's "Suit Against Us" provision, Plaintiff's Complaint is time barred and the Court lacks subject matter jurisdiction to hear it. Plaintiff's Response does nothing to invalidate this contractually agreed to limitation period. Accordingly, the Court should grant the Motion to Dismiss with prejudice.

DATED this 4th day of October, 2019.

                THE CAVANAGH LAW FIRM, P.A.

                By: */s/ Levi T. Claridge*
                     Kerry M. Griggs
                     Levi T. Claridge
                     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and electronic copy to the following:

Robert T. Mills
Sean A. Woods
Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*


*/s/ Darlene Dahl*