**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Pickett,<br><br>Plaintiff,<br><br>v.<br><br>Century-National Insurance Company,<br><br>Defendant. | No. CV-19-05108-PHX-MTL<br><br>**ORDER** |

Defendant Century-National Insurance Company ("CNIC") has filed a Motion to Dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 8). The Motion is fully briefed. (Doc. 8); (Doc. 12); (Doc. 13.) CNIC requested oral argument (Doc. 13), but oral argument is not necessary to decide the Motion.[1] For the following reasons, the Motion to Dismiss is **denied without prejudice**.

**I.     Background**

Plaintiff David Pickett purchased his residence in 2011. (Doc. 1-3 at 4, ¶ 25.) On February 20, 2013, Defendant CNIC issued Plaintiff a homeowner insurance policy ("the Policy"), which contained a provision requiring that legal actions against CNIC be brought within one year after the date of loss ("limitations period"). (Doc. 1-3 at 3, ¶ 11.) (Doc. 11-1 at 21.)

On October 18, 2015, when the Policy was still in effect, Plaintiff alleges that a

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *E.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

hailstorm caused extensive damage to the roof of his residence and air conditioning units. (Doc. 1-3 at 3, ¶¶ 12, 17, 18.) Plaintiff allegedly discovered the hailstorm damage in January 2016 and thereafter requested that CNIC cover the damage pursuant to the Policy. (Doc. 1-3 at 3, ¶¶ 18-20.) When CNIC performed an initial inspection of Plaintiff's residence on January 26, 2016, it surmised that the damage to Plaintiff's residence may have been caused by an earlier hailstorm that occurred in October 2010. (Doc. 1-3 at 4, ¶ 24.) Accordingly, CNIC requested additional documentation from Plaintiff. (Doc. 1-3 at 4, ¶¶ 23-26.)

CNIC communicated with Plaintiff on numerous occasions that it needed additional time to complete its investigation. (Doc. 1-3 at 4, ¶¶ 27, 30.) On March 31, 2016, CNIC indicated to Plaintiff that it wanted to obtain a statement from him by Examination Under Oath ("EUO"). (Doc. 12-1 at 17.) CNIC proposed that the EUO occur on May 25, 2016, but the EUO did not occur until September 8, 2016.[2] (Doc. 1-3 at 4, ¶¶ 29, 31); (Doc. 12-1 at 17.) Plaintiff provided CNIC some of the documentation it had requested. (Doc. 1-3 at 5, ¶¶ 34, 35.) But on March 17, 2017, CNIC reiterated to Plaintiff its belief that Plaintiff's residence was "likely in the path of an earlier hailstorm," and renewed its request for additional documentation. (Doc. 8-1 at 14-22.) Not satisfied with the documentation Plaintiff provided, on May 17, 2017, CNIC denied Plaintiff's claim in its entirety. (Doc. 1-3 at 5, ¶ 39.)

In a Complaint filed May 13, 2019,[3] Plaintiff alleges (Count 1) Breach of Contract and (Count IV) Bad Faith.[4] In the Motion to Dismiss, CNIC contends Plaintiff's claims are prohibited by the Policy's limitations period. (Doc. 8); (Doc. 11-1 at 21.)

**II.    Legal Standards**

CNIC filed its Motion to Dismiss pursuant to both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 8 at 1), but the Motion was more appropriately brought pursuant to Rule 12(b)(6). A Rule 12(b)(1) attack to subject matter

---

[2] It is not clear from this record why the EUO did not occur on May 25, 2016.
[3] The Complaint was originally filed in Maricopa County Superior Court. CNIC removed the action to this Court on September 6, 2019. (Doc. 1.)
[4] Plaintiff voluntarily dismissed the other counts. (Doc. 7); (Doc. 12 at 2 n.1.)

jurisdiction attacks the right of the plaintiff to be heard in federal court. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). While a case must be dismissed under Rule 12(b)(1) when the district court lacks the constitutional power to adjudicate it, *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (citations omitted), the limitations period at issue in this case is contractual, constituting an affirmative defense that does affect the Court's constitutional power to hear Plaintiff's claims. The Court therefore analyzes the Motion under Rule 12(b)(6). *See* Fed. R. Civ. P. 8(c)(1) (expiration of statute of limitations presents affirmative defense); *see also Suckow Borax Mines Consol. v. Borax Consol*, 185 F.2d 196, 204 (9th Cir. 1950) (affirmative defense may be raised in pre-answer motion to dismiss under Rule 12(b)(6) if the defense appears on face of the complaint).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) seeks dismissal of a claim against a party based on the averments made in the complaint. A statute-of-limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the limitations period is apparent on the face of the complaint. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Where there is a question of fact as to the applicability of the statute of limitations, the motion to dismiss should be denied. *Smith ex rel. Estates of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*, 175 F. Supp. 2d 1180, 1198 (D. Ariz. 2001). In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider only certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). The Court must also accept all factual allegations in the complaint as true and construe the pleadings in a light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**III. Analysis**

Preliminarily, while the Complaint does not mention the Policy's limitations period, the Complaint mentions the Policy. (*See* Doc. 1-3 at 3.) Defendant submitted the Policy in a Notice of Supplemental Filing of Exhibit In Support of its Motion to Dismiss. (Doc.

1  11-1.) Plaintiff does not question the authenticity of the copy attached to the Notice. The Court therefore considers the Policy without converting Defendant's Motion to a motion for summary judgment. *Ritchie*, 342 F.3d at 908. The Court also considers the exhibits attached to the pleadings because they are referenced in the Complaint, and neither party challenges their authenticity.[5]

The parties agree that Arizona law governs Plaintiff's claims. (Doc. 8 at 8); (Doc. 12 at 5.) In Arizona, the presumptive statute of limitations for a breach of written contract is six years. A.R.S. § 12-548. Section 20-1115(A)(3), however, permits property insurance policies to limit the time within which an action may be brought against the insurer to one year from the date of occurrence of the event resulting in the loss. A.R.S. § 20-1115(A)(3). Arizona courts will enforce such contractual limitations periods in insurance policies unless: (1) the insurer "by its conduct induces its insured, by leading him to reasonably believe a settlement or adjustment of his claim will be effected without the necessity of bringing suit, to delay commencement of the action on the policy until after the limitation period has run[;]" or (2) the insurer will not be prejudiced by the late filing of the suit. *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 142-43, 147 (1982).

### A. Inducement to delay commencement of the action

CNIC asks the Court to find that the limitations period in the Policy bars this action because CNIC never affirmatively induced Plaintiff into believing that his claim would be settled. (Doc. 13 at 2.) According to CNIC, it was merely investigating and negotiating the claim, which CNIC maintains does not bar enforcement of the limitations period. (*Id.*) CNIC alternatively argues that estoppel should only extend during the period of its investigation so that the one-year limitations period began to run when it denied Plaintiff's claim on May 17, 2017. (Doc. 13 at 4.) The Court finds neither argument persuasive.

---

[5] (*See* Doc. 8-1 at 14); (Doc. 12-1 at 39); (Doc. 1-3 at 5, ¶ 36) (referencing CNIC's March 17, 2017 letter); (Doc. 8-1 at 24) (Doc. 1-3 at 5, ¶ 39) (referencing CNIC's May 17, 2017 letter); (Doc. 12-1 at 5); (Doc. 1-3 at 3, ¶ 19 ) (notifying CNIC of the damage in January 2016); (Doc. 12-1 at 7); (Doc.1-3 at 4, ¶¶ 22, 25) (referencing CNIC's inspection of the residence and request for additional documentation); (Doc. 12-1 at 10); (Doc. 1-3 at 27) (referencing CNIC's February 23, 2016 letter); (Doc. 12-1 at 33, 35); (Doc. 1-3 at 5, ¶¶ 34, 35) (referencing air conditioning service invoice and prior homeowner insurance declaration.)

- 4 -

In Arizona, "[n]egotiation [of an insurance claim] alone is insufficient to support a finding of waiver or estoppel *if it is terminated within adequate time for the insured to institute action on the policy.*" *Shea North, Inc. v. Ohio Casualty Ins. Co.*, 115 Ariz. 296, 298 (App. 1977) (emphasis added). An insurer's failure to deny liability until after the limitations period has run may result in waiver or estoppel if the plaintiff "reasonably believed its insurance claims would be adjusted without the necessity of resorting to the courts and thus reasonably delayed bringing suit until after the limitation period had expired . . . ." *Id*. at 298; *cf. Zuckerman*, 133 Ariz. at 141-42 (no estoppel where insurance company communicated its final position on the claim within the limitations period). Here, the undisputed facts show that CNIC consistently took the position that it was still investigating Plaintiff's claim after the limitations period had expired. Construing the allegations in the Complaint as true and in favor of Plaintiff, the Court cannot say that Plaintiff was not reasonably induced to delay commencement of this action by CNIC's conduct. Therefore, the Court declines to enforce the limitations period of the Policy at this juncture. The Motion to Dismiss is therefore **denied without prejudice** to CNIC raising this issue as part of a motion for summary judgment.

Regarding CNIC's alternative request for the Court to construe the limitations period of the Policy as beginning to run on the date that CNIC denied liability, the Court finds that the Arizona Supreme Court has already affirmatively rejected that argument. *See Zuckerman*, 133 Ariz. at 145 ("Some courts have attempted to avoid this type of inequity by holding that the phrase 'inception of loss' which starts the policy limitation period running should be interpreted to mean the date on which the insurer made an outright denial of liability. We choose not to take such a strained approach[.]") (internal citations omitted). The Motion to Dismiss on that basis is therefore denied.

### B. Prejudice to CNIC

CNIC additionally urges the Court to enforce the limitations period in the Policy because it claims that it would be prejudiced by the delayed lawsuit. (Doc. 13 at 5.) According to CNIC, it would be "difficult, if not impossible, to determine [at this juncture]

when and how the alleged damage occurred." (Doc. 13 at 5.) This finding necessarily depends on facts outside of those in the Complaint or the exhibits attached to the pleadings. Accordingly, the Motion to Dismiss is **denied without prejudice** to CNIC raising this issue as part of a motion for summary judgment.

### III. Conclusion

**IT IS ORDERED denying without prejudice** Defendant's Motion to Dismiss (Doc. 8).

**IT IS FURTHER ORDERED denying** Defendant's Request for Oral Argument (part of Doc. 13).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion for Voluntary Dismissal of Count III, Breach of Implied Covenant of Good Faith and Fair Dealing (part of Doc. 12). Count III (part of Doc. 1-3) is dismissed without prejudice.

Dated this 14th day of February, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge